1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    HERCULANO DELGADILLO,                      CASE NO. 03cv1501 DMS (BLM)

12                              Petitioner,      **ORDER (1) ADOPTING IN PART
                                                 AND REJECTING IN PART**
          vs.                                    **REPORT AND**
13                                               **RECOMMENDATION OF**
                                                 **MAGISTRATE JUDGE AND (2)**
14    JEANNE WOODFORD, Director,                  **DENYING PETITION FOR WRIT**
                                                 **OF HABEAS CORPUS**
15                              Respondent.

16

17         Petitioner Herculano Delgadillo, a state prisoner proceeding *pro se*, is serving a fifteen-year

18    sentence for four counts of aggravated assault, two counts of corporal injury to a cohabitant, and one

19    count of making a terrorist threat. On July 12, 2005, Petitioner filed a first amended petition for writ

20    of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises four claims for relief: (1) the

21    admission of victim Rosa Ramirez's preliminary hearing testimony at trial violated his Sixth

22    Amendment right to confrontation; (2) several pieces of evidence were inadmissible, and absent that

23    evidence, there was insufficient evidence to support the verdicts; (3) he received ineffective assistance

24    of appellate counsel; and (4) he received ineffective assistance of trial counsel. The Magistrate Judge

25    issued a thorough Report and Recommendation ("R&R"), finding Petitioner was not entitled to habeas

26    relief on his first claim, but he was entitled to habeas relief on his other claims as to counts six and

27    seven only. Petitioner and Respondent have each filed objections to the R&R, and Petitioner has filed

28    a reply to Respondent's objections. The Court addresses these objections below.

**I.**

**DISCUSSION**

Respondent objects to the Magistrate Judge's recommendation that the Court grant Petitioner habeas relief as to two counts involving assault by means likely to produce great bodily injury, counts six and seven, respectively. Respondent disagrees with the Magistrate Judge's finding that Petitioner's convictions on those counts were based on inadmissible hearsay and that admission of that evidence violated Petitioner's rights under the Confrontation Clause. Respondent also asserts Petitioner did not receive ineffective assistance of counsel. Finally, Respondent disagrees with the Magistrate Judge's finding that there was insufficient evidence to support count seven.

Petitioner objects to the Magistrate Judge's recommendation to deny him relief as to counts three through five. He disagrees with the Magistrate Judge's findings that Ramirez's preliminary hearing testimony was properly admitted by the trial court. He also disagrees with the Magistrate Judge's analysis of the admissibility of Ramirez's prior statements to Officer Vasquez and Detective Behrendt. Petitioner also challenges the Magistrate Judge's analysis of his ineffective assistance of counsel claims.

**A.     Standard of Review**

Because Petitioner filed his habeas corpus petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), the Court's review is limited by the provisions set forth in 28 U.S.C. § 2254(d). Under this Section, a habeas petitioner is not entitled to relief unless he can demonstrate that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the facts of the case are not in dispute, Petitioner is entitled to federal habeas relief only if he can meet one of the two bases for relief provided in Section 2254(d)(1). *Price v. Vincent*, 538 U.S. 634, 639–40 (2003). According to the Supreme Court, Section 2254(d)(1) imposes a "highly

1   deferential standard for evaluating state-court rulings," and "demands that state court decisions be

2   given the benefit of the doubt." *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003) (citing *Lindh*

3   *v. Murphy*, 521 U.S. 320, 333 (1997); *Woodford v. Visciotti*, 537 U.S. 19 (2002)).  The Supreme Court

4   reemphasized the deferential standard of review imposed by AEDPA when it reversed the Ninth

5   Circuit's grant of a habeas petition for "fail[ing] to give appropriate deference to the state court's

6   decision." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004).

7          In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court clarified the terms "contrary

8   to" and "unreasonable application of" under Section 2254(d)(1).  A state court's decision is "contrary

9   to" clearly established federal law if it fails to apply the correct controlling authority, or if it applies

10  the controlling authority to a case involving facts materially indistinguishable from those in a

11  controlling case, but nonetheless reaches a different result.  *Id.* at 405.  On the other hand,

12          a state court's decision involves an "unreasonable application of" federal law if it either
            (1) correctly identifies the correct governing legal rule but then applies it to a new set
13          of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a
            clearly established legal principle to a new context in a way that is objectively
14          unreasonable.

15  *Id.* at 407.  The Supreme Court has repeatedly emphasized that "an unreasonable application of federal

16  law is different from an incorrect application of federal law." *Clark*, 331 F.3d at 1067  (citing

17  *Williams*, 529 U.S. at 410).  *See also Woodford*, 537 U.S. at 24 (a federal court may not "substitute

18  its own judgment for that of the state court, in contravention of 28 U.S.C. § 2254(d)."); *Penry v.*

19  *Johnson*, 532 U.S. 782, 793 (2001) ("Even if the federal habeas court concludes that the state court

20  decision applied clearly established federal law incorrectly, relief is appropriate only if that application

21  is also objectively unreasonable.")  Thus, a "federal habeas court may not issue [a] writ simply

22  because that court concludes in its independent judgment that the relevant state-court decision applied

23  clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411.  Rather, the

24  application must be objectively unreasonable. *Yarborough v. Alvarado*, 541 U.S. 652, 665-66 (2004).

25          In addition, when ruling on a habeas petition under AEDPA, the key inquiry is not whether

26  the state court "erred." In *Lockyer v. Andrade*, 538 U.S. 63 (2003), the Supreme Court did "not reach

27  the question whether the state court erred" in deciding whether habeas relief should be granted, but

28  rather focused "solely on whether § 2254(d) forecloses habeas relief." *Id.* at 71.  In doing so, the

- 3 -                                                                03cv1501

1   Supreme Court overruled the Ninth Circuit's previous requirement that federal habeas courts review

2   the state decision *de novo* before applying the AEDPA standard of review, and expressly held that the

3   only question that matters under Section 2254(d)(1) is whether the state court decision is contrary to,

4   or involved an unreasonable application of, clearly established federal law.  *Id.*

5   **B.     Confrontation Clause: Admission of Ramirez's Preliminary Hearing Testimony at Trial**

6          As indicated in the R&R, the victim, Rosa Ramirez, did not testify at Delgadillo's trial.

7   However, Ramirez's testimony at the preliminary hearing was read into the record.  Petitioner argues

8   the admission of Ramirez's preliminary hearing testimony violated his Sixth Amendment

9   confrontation rights.  The state appellate court and the Magistrate Judge disagreed.  Petitioner

10  nonetheless objects to the finding in the R&R, and maintains his confrontation rights were violated.

11         Petitioner argues the admission of Ramirez's preliminary hearing testimony does not meet the

12  "unavailability" requirement of the Sixth Amendment's Confrontation Clause because the prosecution

13  did not exercise "reasonable diligence" to procure Ramirez's presence at trial.  Specifically, Petitioner

14  argues the prosecution's efforts were unreasonable given that Ramirez was a critical witness, and was

15  known to be uncooperative and unwilling to testify at trial.  Although the prosecution (a) subpoenaed

16  Ramirez, (b) requested the state trial judge to order her back, (c) requested the court to issue a warrant

17  of attachment after she failed to appear, and (d) had investigators drive to her last known address in

18  Los Angeles in an attempt to execute the warrant, Petitioner argues the prosecution should have done

19  more to secure Ramirez's attendance.  Namely, the prosecution should not have left Ramirez's last

20  known address immediately after the search, and the prosecution should have requested a continuance

21  to attempt to procure Ramirez's presence at trial.

22         The California Court of Appeal determined the prosecution exercised due diligence to secure

23  Ramirez's presence at trial.  This Court agrees with this finding.  For essentially the same reasons

24  outlined in the California Court of Appeal's "unavailability analysis," the totality of the circumstances

25  indicates the prosecution employed reasonable diligence in its efforts to secure Ramirez's presence

26  at trial.  Namely, the prosecution subpoenaed Ramirez and had the trial judge order her back.  When

27  she failed to appear for trial on September 6, 2000, the prosecution obtained a warrant of attachment

28  from the court and directed investigators to drive to Ramirez's last known address in Los Angeles to

1  execute the warrant and physically return her to court.  On September 7, 2000, the investigators

2  interviewed the occupants of Ramirez's residence, searched the house, and searched the street for

3  Ramirez's car.  However, the investigators were unable to locate her.  Because the prosecution took

4  these affirmative and timely steps to secure Ramirez's presence at trial, it appears the prosecution

5  made a good-faith effort to locate and present the witness.  Ramirez was appropriately deemed

6  unavailable at the time of trial, therefore this Court cannot find that the state court's adjudication of

7  this claim was contrary to clearly established federal law as determined by the Supreme Court or was

8  based on an unreasonable determination of the facts.  Petitioner's first objection to the R&R is

9  overruled.

10  **C.      Sufficiency of the Evidence**

11      The Magistrate Judge found the testimony of Officer Vasquez was properly admitted under

12  *Ohio v. Roberts,* 448 U.S. 56 (1980), the testimony of Detective Behrendt was properly admitted under

13  *Crawford v. Washington,* 541 U.S. 36 (2004), but the testimony of Ramirez's co-workers was

14  improperly admitted under *Roberts*.  As a result, the Magistrate Judge determined the evidence was

15  sufficient to support all counts except count seven (assault by means of force likely to produce great

16  bodily injury by choking Ramirez on or about May 15, 2000).  Accordingly, the Magistrate Judge

17  recommended the Court grant habeas relief based on this ground as to count seven.

18      Petitioner objects to the Magistrate Judge's finding that Officer Vasquez and Detective

19  Behrendt's testimony was admissible.  Respondent objects to the Magistrate Judge's finding that there

20  was insufficient evidence to support count seven.  For the reasons set forth below, the Court sustains

21  Petitioner's objection concerning the admission of Detective Behrendt's testimony, and sustains

22  Respondent's objection to the dismissal of count seven for insufficient evidence.

23      1.      Officer Vasquez's Testimony

24      The Magistrate Judge found Ramirez's statements to Officer Vasquez were not testimonial,[1]

25  therefore they were subject to the Supreme Court's decision in *Roberts*.  *Roberts* states that non-

26

27

28      [1]  *See* R&R at 14-15 (citing *Leavitt v. Arave*, 383 F.3d 809, 830 n. 2, *cert. denied* 125 S.Ct. 2540 (2005) (statements to police by victim who initiates contact with police for the purpose of gaining their assistance are not testimonial.))

1  testimonial hearsay is admissible if the prosecution demonstrates the declarant is unavailable and the

2  statement bears adequate indicia of reliability.  448 U.S. at 66.  As discussed above, Ramirez was

3  determined to be unavailable for trial.  The Magistrate Judge also found Ramirez's statements to

4  Vasquez satisfied the second prong of *Roberts* because they fell within the spontaneous declaration

5  exception to the hearsay rule.

6  　　　　The spontaneous declaration exception states: "[e]vidence of a statement is not made

7  inadmissible by the hearsay rule if the statement: (a) purports to narrate, describe, or explain an act,

8  condition, or event perceived by the declarant; and (b) was made spontaneously while the declarant

9  was under the stress of excitement caused by such perception."  Cal. Evid. Code § 1240.  The

10  California Supreme Court has stated:

11
12
13
14
> To render [statements] admissible [under the spontaneous declaration exception] it is required that (1) there must be some occurrence startling enough to produce the nervous excitement and render the utterance spontaneous and unreflecting; (2) the utterance must have been before there has been time to contrive and misrepresent, i.e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance; and (3) the utterance must relate to the circumstance of the occurrence preceding it.

15  *People v. Poggi*, 45 Cal. 3d 306, 318 (1988) (quoting *Showalter v. Western Pacific R.R. Co.*, 16 Cal.2d

16  460, 468 (1940)).  In a subsequent decision, the court explained:

17
18
> The crucial element in determining whether a declaration is sufficiently reliable to be admissible under this exception to the hearsay rule is thus *not the nature of the statement but the mental state of the speaker*.  The nature of the utterance . . . may be important, but solely as an indicator of the mental state of the declarant.

19

20  *People v. Farmer,* 47 Cal. 3d 888, 903-04 (1989)(emphasis added), *overruled on other grounds by*

21  *People v. Waidla*, 22 Cal. 4th 690 (2000).

22  　　　　In this case, Ramirez came directly to the San Diego Police Department immediately following

23  a violent altercation with her boyfriend, Petitioner Herculano Delgadillo, on May 19, 2000.  Officer

24  Vasquez testified that while he was speaking to Ramirez, she was crying, shaking, visibly upset and

25  fearful the Petitioner would see her car outside the police station and kill her or her family.

26  (Lodgment No. 5 at 2; Lodgement No. 3, Reporter's Tr., vol. 2 at 336-38, 356).  Ramirez described

27  a cycle of abuse beginning in January of 2000.  Officer Vasquez noted that while Ramirez was

28  describing the attacks, she moved slowly, groaned, and stated that her entire body hurt.  Vasquez

1  testified her exact words were that "within the last six months he had threatened to kill her so many

2  times she could not remember, and he had hit her so many times that she could not remember how

3  many times." (*Id.* at 365).  Ramirez expressed that she was in a perpetual state of fear that she or her

4  family would be killed or hurt by Petitioner. (*Id.*)  After completing the interview, Ramirez was afraid

5  to leave the station.  (Lodgment No. 3 at 4).  Officer Vasquez offered to follow her when she

6  expressed concern Petitioner might be watching the police station. (*Id.*)  After Ramirez arrived at her

7  destination in Los Angeles where she stayed with family members, she called Vasquez to tell him she

8  had arrived safely. (*Id.*)

9  On these facts, this Court disagrees with Petitioner's objections, and concurs with the

10  Magistrate Judge's finding that Ramirez's statements to Officer Vasquez were spontaneous

11  declarations.  Contrary to Petitioner's suggestion, the lapse of time between the preceding incidents

12  and Ramirez's statements does not automatically defeat the exception.  Indeed, "if the elapsed time

13  is accounted for by shock, unconsciousness, or fear, belated statements may still be admissible as

14  spontaneous statements made while the declarant is under the stress of excitement." *People v.*

15  *Gutierrez,* 78 Cal. App. 4th 170, 178 n.9 (2000) (quoting 1 Jefferson, *Cal. Evidence Benchbook*, § 13.5,

16  p. 201).  Under these circumstances, all of Ramirez's statements to Officer Vasquez fall within the

17  spontaneous declaration exception.  Accordingly, the Court overrules this objection to the R&R.

18      2.      Detective Behrendt's Testimony

19  In the R&R, the Magistrate Judge found Ramirez's statements to Detective Behrendt were

20  testimonial,[2] therefore they were subject to the Supreme Court's decision in *Crawford*.  In *Crawford*,

21  the Court stated that testimonial evidence is inadmissible under the Sixth Amendment absent "[a

22  showing] of unavailability and a prior opportunity for cross-examination."  541 U.S. at 68.  Here, the

23  Magistrate Judge found Ramirez was unavailable, and she was subject to cross-examination at the

24  preliminary hearing, therefore her statements to Detective Behrendt were admissible.  Petitioner

25  objects to the admission of Detective Behrendt's testimony.

26

27      [2] As set out in the R&R, Detective Behrendt called Ramirez while she was staying with her
brother's girlfriend in Los Angeles.  He interviewed Ramirez for the purpose of investigating and
28  preparing the prosecution's case against Petitioner.  The Magistrate Judge correctly found this was
akin to an interrogation, and therefore Ramirez's statements were testimonial.

1    Because Ramirez testified at the preliminary hearing and was subject to cross examination, the

2    admission of her preliminary hearing testimony concerning what she said to Detective Behrendt does

3    not run afoul of *Crawford*.  But when questioned at the preliminary hearing about her statements to

4    Detective Behrendt, she *recanted*.  Had Ramirez actually testified at the preliminary hearing

5    concerning Petitioner's abusive conduct, the *Crawford* analysis would have more significance – as

6    it would permit Ramirez's percipient testimony concerning Petitioner's assaults and threats to go to

7    the jury notwithstanding Petitioner's inability to cross examine her at trial.  Instead, what was read

8    to the jury was Ramirez's *denial* of making any statements to Detective Behrendt about abuse by

9    Petitioner.[3]    Consequently, Detective Behrendt's hearsay testimony regarding what Ramirez told

10   him is admissible only if it falls within a recognized hearsay exception.  It does not, as discussed

11   below.  Petitioner's objection is therefore sustained as to Detective Behrendt's testimony.

12        3.    Testimony of Ramirez's Co-Workers

13   Next, Respondent objects to the Magistrate Judge's finding that the admission of Ramirez's

14   co-workers' testimony violated the Confrontation Clause.  The Magistrate Judge found Ramirez's

15   statements to her co-workers were not testimonial, and therefore they needed to satisfy the Supreme

16   Court's test set out in *Roberts*: a showing of unavailability and adequate indicia of reliability.

17   Although the unavailability prong was satisfied, the Magistrate Judge found Ramirez's statement to

18   her co-workers did not satisfy the second prong concerning indicia of reliability.

19        Respondent objects to this finding.  She argues the co-workers' testimony fell within a firmly

20   rooted hearsay exception under California Evidence Code section 1291 (former testimony) and was

21   corroborated by physical evidence, therefore it carried a "particularized guarantee of trustworthiness."

22   As discussed below, however, the co-workers' testimony does not fall within the former testimony

23   exception, nor does it fall within any other hearsay exception, firmly rooted or otherwise.  That

24   Ramirez's statements to co-workers were generally corroborated by physical evidence is insufficient,

25   / / /

26

27        [3] Ramirez recanted her prior statements to police and co-workers, and, with one exception
     relating to count one, denied Petitioner assaulted or threatened her.  She offered *selective* percipient
28   testimony that ultimately had value to the prosecution only as to proving up count one and some
     elements relating to other counts, *e.g.,* cohabitation and physical injuries.

1    standing alone, to admit the hearsay testimony.[4]  Accordingly, the Court overrules this objection.

2         4.    Insufficient Evidence to Support Count Seven

3         Count seven alleges Petitioner assaulted Ramirez by means of force likely to produce great

4    bodily injury by choking her on or about May 15, 2000.  The Magistrate Judge found the only

5    evidence to support this count was the testimony of Simon Ponce, one of Ramirez's co-workers.

6    Ponce testified that Ramirez told him Petitioner had choked her about a month or two before she was

7    let go from her job in late May 2000.  The Magistrate Judge concluded Ponce's testimony was

8    inadmissible, and without it, there was insufficient evidence to support the verdict on count seven.

9    Respondent objects to the Magistrate Judge's finding that there was no other evidence to support the

10   verdict.

11        The Magistrate Judge noted the prosecutor attempted to elicit testimony from Detective

12   Behrendt regarding count seven, but stated the incident occurred on May 19, 2000, not May 15, 2000.

13   The problem with the date provided by the prosecutor is that the information alleged two counts of

14   assault based on "choking" Ramirez: count two involving conduct on May 19, 2000, and count seven

15   involving conduct on May 15, 2000.  Respondent argues the jury "was wise enough to understand that

16   the prosecutor may have used the wrong date in speaking, in the heat of the trial[,]" and the jury

17   understood Detective Behrendt's testimony referred to the same incident that was the subject of

18   Ponce's testimony.  This argument, however, is sheer speculation as Ponce was unable to fix a precise

19   date of the attack and Behrendt's testimony concerned numerous counts involving conduct that

20   occurred on several different dates.  The record, therefore, reflects specifically elicited testimony from

21   Detective Behrendt about a choking incident that occurred on May 19, 2000 (count two), not May 15,

22   2000 (count seven).  Thus, Behrendt's testimony does not support count seven.

23        Nevertheless, as the California Court of Appeal noted, "substantial evidence *other than*

24   [Ramirez's] statements supported the jury's verdict, including photographs, hospital records and

25   independent observations of her injuries." (Lodgment No. 11 at 2) (original emphasis).  In addition,

26

27
     [4] Ramirez confided to co-workers Jarrette and Ponce that Petitioner "had choked her; both
28   Jarrette and Ponce saw marks on [Ramirez's] throat, and Jarrette noticed she was hoarse." (Lodgment
     No. 5 at 6).

1  Nurse Souders testified Ramirez told her that Petitioner had assaulted her on May 19, 2000, and had

2  assaulted her one or two weeks earlier.[5]  (Lodgment No. 5 at 4 n. 3).  As discussed below, Nurse

3  Souders' testimony was properly admitted at trial.  The foregoing evidence is sufficient to support

4  Petitioner's convictions on all counts in question.  Petitioner's objection based on insufficiency of the

5  evidence is therefore overruled as the state appellate court's determination of this issue is not

6  objectively unreasonable or contrary to clearly established law.[6]

7  **D.     Ineffective Assistance of Trial Counsel**

8         Petitioner raises several instances of alleged ineffective assistance of counsel.  The parties'

9  objections are directed at three of those instances: (1) counsel's failure to object to the admission of

10  Ramirez's prior out of court statements to Officer Vasquez, Detective Behrendt, Nurse Souders, and

11  Ramirez's co-workers; (2) counsel's failure to object to CALJIC No. 2.52; and (3) counsel's failure

12  to call Ramirez's mother, Florentina.  The Court addresses these objections in turn.

13         1.     Failure to Object to Witness Testimony

14         The Magistrate Judge found counsel's failure to object to the admission of the witness

15  testimony was objectively unreasonable and Petitioner was prejudiced by the admission of testimony

16  from all witnesses other than Officer Vasquez.  Respondent objects to the former finding, and

17  Petitioner objects to the latter.

18         In analyzing this claim, the Magistrate Judge started with the proposition that the witnesses'

19  testimony was admitted under the prior inconsistent statement exception to the hearsay rule.  This

20  exception allows for admission of a prior inconsistent statement "if the statement is inconsistent with

21  [the witness'] testimony at the hearing and is offered in compliance with Section 770."  Cal. Evid.

22  Code § 1235.  The Magistrate Judge found "the hearing" as used in Section 1235 referred to

23  Petitioner's trial, and since Ramirez did not testify at the trial, her prior inconsistent statements were

24  not admissible under Section 1235. The Magistrate Judge concluded Petitioner's trial counsel should

25  

26         [5] Count six alleged Petitioner assaulted Ramirez on or about May 7, 2000, by choking her and slamming a closet door on her head.

27  

28         [6] The state court imposed a six year *concurrent* sentence as to count seven.  The foregoing discussion, therefore, is largely academic as any habeas relief would not affect Petitioner's ultimate sentence.

03cv1501

1  have raised this objection, and his failure to do so fell below an objective standard of reasonableness.

2  Respondent concedes Section 1235 cannot serve as the basis for admission of the witnesses'

3  testimony, but argues the witnesses' testimony was nevertheless admissible under California Evidence

4  Code Section 1291.  This section is entitled, "Former testimony offered against party to former

5  proceeding," and states:

6  (a) Evidence of former testimony is not made inadmissible by the hearsay rule if the
   declarant is unavailable as a witness and: . . .

7

8  (2) The party against whom the former testimony is offered was a party to the action
   or proceeding in which the testimony was given and had the right and opportunity
   to cross-examine the declarant with an interest and motive similar to that which he
9  has at the hearing.

10  Cal. Evid. Code § 1291.

11  Respondent's reliance on this Section, however, is misplaced.  By its plain terms, Section 1291

12  concerns "former testimony," which is defined as:

13  *testimony given under oath* in: (a) Another action or in a former hearing or trial of the
   same action; (b) A proceeding to determine a controversy conducted by or under the
14  supervision of an agency that has the power to determine such a controversy and is an
   agency of the United States or a public entity in the United States; (c) A deposition
15  taken in compliance with law in another action; or (d) An arbitration proceeding if the
   evidence of such former testimony is a verbatim transcript thereof.
16

17  Cal. Evid. Code § 1290 (emphasis added).  Ramirez's prior out of court statements to Officer Vasquez,

18  Detective Behrendt, Nurse Souders and her co-workers do not fall within this definition as she did not

19  make such statements under oath.  Accordingly, the Court overrules this objection to the R&R.

20  In addition to Section 1291, Respondent argues trial counsel's failure to object to Nurse

21  Souders' testimony was not objectively unreasonable because her testimony would have been

22  admissible under a separate hearsay exception and thus, carried particularized guarantees of

23  trustworthiness.  Respondent is correct that Souders' testimony would have been admissible on

24  grounds other than Sections 1235 and 1291.  *See White v. Illinois*, 502 U.S. 346, 356 n. 8 (1992)

25  (hearsay exception for statements made for the purpose of medical diagnosis or treatment is "firmly

26  rooted."); Cal. Evid. Code § 1370 (infliction or threat of physical injury – admissibility of hearsay

27  statement by victim to physician or nurse).  Her testimony also was corroborated by physical and other

28  medical evidence.  Accordingly, trial counsel's failure to object to Nurse Souders' testimony was not

- 11 -                                                                03cv1501

1  objectively unreasonable.  Respondent's objection is therefore sustained.

2          The same may be said of counsel's failure to object to Officer Vasquez's testimony.  The

3  Magistrate Judge found counsel was not ineffective for failing to object to this testimony, but only

4  because Petitioner could not demonstrate prejudice.  Counsel's failure to object to Officer Vasquez's

5  testimony, however, did not fall below an objective standard of reasonableness because Ramirez's

6  statements to Vasquez would have been admitted under the spontaneous declaration exception.[7]

7          Having limited counsel's errors for failing to object to the testimony of Detective Behrendt and

8  Ramirez's co-workers (as such testimony did not fall within a recognized hearsay exception), this

9  Court must consider whether Petitioner was prejudiced by these errors.  Had counsel properly

10  objected, the trial court would have been required to exclude the hearsay testimony of Detective

11  Behrendt and Ramirez's co-workers concerning Ramirez's prior out of court statements to them.  This

12  would have left Ramirez's preliminary hearing testimony, Vasquez's testimony, and Souders'

13  testimony to support the charges, in addition to photographs, hospital records and independent

14  percipient witness observations of Ramirez's injuries.  This Court agrees with the Magistrate Judge

15  that the evidence was sufficient to support counts one through five, and thus, counsel's failure to

16  object to the testimony of Behrendt and Ramirez's co-workers did not prejudice Petitioner as to these

17  counts.

18          The only remaining issue is whether Petitioner was prejudiced as to counts six and seven.  He

19  was not, for the reasons discussed below.

20          As set out in the R&R, count six alleged that on May 7, 2000, Petitioner assaulted Ramirez by

21  choking her and slamming a closet door on her head.  Count seven alleged that on May 15, 2000,

22  Petitioner assaulted Ramirez by choking her.  Although some of Ramirez's co-workers testified that

23  she told them Petitioner had choked her and Detective Behrendt testified that she told him Petitioner

24  had choked her and slammed her head in a closet door on May 7, 2000, the admission of this

25  testimony did not prejudice Petitioner because sufficient evidence unrelated to the hearsay testimony

26

27

28          [7]  This finding obviates the need to address Petitioner's argument that, contrary to the
Magistrate Judge's finding, he was prejudiced by trial counsel's failure to object to Officer Vasquez's
testimony.

1    of the co-workers and Detective Behrendt supported the verdict, including the properly admitted

2    testimony of Officer Vasquez, Nurse Souders, photographs, hospital records, and percipient

3    observations of Ramirez's injuries. Petitioner has not shown that there is a reasonable probability that

4    the result would have been different had counsel objected to the testimony of Detective Behrendt or

5    Ramirez's co-workers. Trial counsel's failure to object to this testimony therefore did not amount to

6    ineffective assistance of counsel in violation of the Sixth Amendment.

7              2.        Failure to Properly Object to CALJIC No. 2.52

8              In addition to raising objections to the Magistrate Judge's findings on counsel's failure to

9    object to the witness testimony discussed above, Petitioner objects to the Magistrate Judge's finding

10   that counsel was not ineffective for failing to properly object to CALJIC No. 2.52.[8] However, this

11   Court fully agrees with the Magistrate Judge's analysis of this issue. As stated in the R&R, counsel

12   presented witnesses to support his objection to the instruction, but the prosecution also presented

13   evidence to support the instruction, thus warranting the jury's consideration of the issue. The state

14   court fully considered this claim, and Petitioner has not shown the state court's denial of the claim was

15   contrary to, or involved an unreasonable application of, clearly established federal law. This objection

16   is overruled.

17             3.        Failure to Call Florentina Ramirez

18             Finally, Petitioner objects to the Magistrate Judge's determination that his counsel was not

19   ineffective for failing to call Ramirez's mother, Florentina, as a witness. As with the jury instruction

20   claim discussed above, however, this Court agrees with the Magistrate Judge's analysis of the issue.

21   Petitioner has not demonstrated the state court's denial of the claim was contrary to, or involved an

22   unreasonable application of, clearly established federal law.  This objection is, accordingly,

23   overruled.[9]

24   ///

25   _____

26        [8] CALJIC No. 2.52 allows a jury to use circumstances of flight following a crime as evidence
     of the fleeing party's guilt.

27

28        [9] In his objections to the R&R, Petitioner raises a claim that his trial counsel's cumulative
     errors deprived him of a fair trial. However, Petitioner did not raise a claim of cumulative error in his
     first amended petition, and thus, the Court declines to address that argument.

1    **E.**      **Ineffective Assistance of Appellate Counsel**

2          Petitioner's final claim is that he received ineffective assistance of appellate counsel because

3 counsel failed to raise his Confrontation Clause claim in the California Supreme Court. For the

4 reasons set out in Sections I (C) and I (D) above, the Court overrules these objections.

5 **II.**

6 **CONCLUSION**

7          For these reasons, the Court **ADOPTS** in part and **REJECTS** in part the R&R. Specifically,

8 the Court adopts the R&R with respect to Petitioner's first claim that admission of Ramirez's

9 preliminary hearing testimony at trial violated his rights under the Confrontation Clause. The Court

10 rejects the R&R with respect to Petitioner's second claim of insufficient evidence. The Court also

11 rejects the R&R with respect to Petitioner's claims of ineffective assistance of counsel.

12          For these reasons, the Court denies the Petition in its entirety. This order terminates this

13 action, and the Clerk of Court shall enter judgment accordingly.

14          **IT IS SO ORDERED**.

15 DATED: December 15, 2006

16

17                    DANA M. SABRAW
                    United States District Judge

18

19

20

21

22

23

24

25

26

27

28